# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV161 SNLJ |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 182906), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $.16. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Larry Crawford (Director, Missouri Department of Corrections ("MDOC")); Lisa Jones (Constituent Services Officer, SECC); Troy Steele (Superintendent, SECC); Cheryl Dowdy (Functional Unit Manager, SECC); Daniel Martinez (Functional Unit Manager, SECC); Greg Walker (Correctional Officer, SECC); Charles Mitchell (Correctional Officer, SECC); Cynthia Reese (Chief of Mental Health, SECC); Debbie Vinson (Director of Nursing, Correctional Medical Services ("CMS")); Penny Lynn (Correctional Officer, SECC); and Gina Cook (Investigator, SECC).

Plaintiff was incarcerated at SECC at all times relevant to the complaint. Plaintiff alleges that he was involved in a civil trial in the United States District Court for the Western District of Missouri in August 2008.[1] Plaintiff states that on August 12, 2008, "SECC prison officials," having heard some of plaintiff's witnesses giving their trial testimony, verbally harassed plaintiff. Specifically, plaintiff claims that "the majority of SECC prison employees employed calculated harassments (i.e., rubbing their noses; sticking F-you Fingers up at plaintiff; calling plaintiff "rats and snitches," etc.), particularly defendants Dowdy and Mitchell. Plaintiff claims that "Captain Greg

---

[1] Irving v. Dormire, 2:04-CV-04309 SOW (W.D. Mo. August 8, 2008).

Walker done this repeated and intense whenever he seen plaintiff upon SECC grounds."

Plaintiff further claims that Mitchell stole a pair of his tennis shoes while he was confined to administrative segregation.

Plaintiff asserts that in November 2008, he informed defendants Steele, Walker, Dowdy and Jones that his cellmate was threatening him. Plaintiff says that these defendants did not respond to him or grant him protective custody. Plaintiff states that on November 26, 2008, his cellmate assaulted him with a metal "shank," leaving plaintiff with several injuries. Plaintiff claims that his cellmate assaulted him because he was not a Muslim and because defendants Mitchell and Dowdy had told his cellmate that he was a snitch. Plaintiff alleges that after revealing the assault to a correctional officer more than a week after it occurred, evidence of the assault was forwarded to defendants Walker and Cook who failed to charge his cellmate with assault. Plaintiff claims that he was then given a shot for "prevention of infection," but that "nurse Melissa, under the direction of Director of Nursing Debbie Vinson," failed to give him pain medication even though he was suffering from serious injuries.

Plaintiff additionally asserts that when he was placed in administrative segregation he could not sleep because of the noise and verbal and physical outbursts of the other prisoners and because he was cold. Plaintiff states that he had a faulty

light in his cell that blinked on and off and made it hard to read. Plaintiff claims that the lack of sleep and faulty lighting "worsened [his] mental condition" and "transfer to a special needs unit was being unjustly denied by Cynthia Reese." Plaintiff claims that defendant Reese also fails to guard the privacy of each prisoner by conducting "evaluations, assessments, interviews, screenings, etc." at prisoners' cell doors, such that other inmates and prison employees overhear information and use it to harass the prisoners.

Plaintiff claims that he is being denied internet access and that in January of 2009, his "incoming mail(s) was, and is, being maliciously tampered with and obstructed by HU#1 Correctional Officers upon the third shift under the direction of COII Penny Lynn as a means of extortion."

Lastly, plaintiff asserts, in a general and conclusory fashion, that he and other prisoners "have made various complaints to various employees in relation to staff misconduct, violations of policies and procedures, constitutional rights, ethics..." Plaintiff claims that he has made these complaints to defendants Steele, Cook, Martinez, Vinson, Reese and "other supervisors and administrators at SECC," and that these individuals have "promoted, endorsed, and taken means to cover-up misconducts..."

**Discussion**

The complaint survives initial review as to defendants Jones, Steele, Dowdy, Walker, Mitchell and Cook, with regard to plaintiff's claims that these defendants failed to protect him from an attack by another inmate and/or attempted to facilitate an attack by undertaking verbal harassment of plaintiff and/or failed to properly investigate the attack.

Plaintiff's claims that defendant Vinson was deliberately indifferent to his serious medical needs after he was attacked by another inmate also survives initial review at this time. Similarly, plaintiff's claims that defendant Reese was deliberately indifferent to the worsening of his mental condition by refusing to transfer him to a special needs unit also survives initial review, as does plaintiff's claim that defendant Reese failed to guard the privacy of the offenders by conducting evaluations/interviews at cell doors where other inmates could hear.

Because Missouri provides the postdeprivation remedy of replevin for recovery of personal property, plaintiff's claim against defendant Mitchell for the alleged stealing of his tennis shoes fails to state a claim for relief under § 1983. Mo.R.Civ.P. 99.01-99.15; Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004) (there is no cause of action under § 1983 for unconstitutional taking of person

property when a state provides an adequate postdeprivation remedy). Accordingly, this claim will be dismissed from plaintiff's complaint.

Plaintiff's claims regarding his confinement in administrative segregation, including his assertions that he was cold, bothered by the noise from the other inmates and had a faulty light in his cell, fail to state a claim for relief as they do not allege an atypical and significant hardship as compared to life in the general population. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

To the extent that plaintiff is attempting to assert an access-to-the-courts claim with his allegation that he was being denied internet access, this assertion is legally frivolous. Plaintiff does not claim that he has suffered "actual prejudice with respect to contemplated or existing litigation." Lewis v. Casey, 518 U.S. 343, 348 (1996). Furthermore, a denial of internet access, without more, cannot form the basis for a § 1983 lawsuit as it does not allege a deprivation of a constitutional or federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Plaintiff's assertion that his mail was "maliciously tampered with..." by defendant Lynn also fails to state a claim for relief. Plaintiff has not alleged that any of the opened mail contained privileged communications. "Non-privileged inmate mail is clearly not immune to inspection, thus such inspections [of non-privileged mail]

cannot give rise to civil rights violations." Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981).

Plaintiff's general allegations that he and other prisoners have "made various complaints to various employees in relation to staff misconduct, violations of policies and procedures, constitutional rights, ethics....," but that no one has corrected the misconduct, are too conclusory to form a basis for relief. Iqbal, 129 S. Ct. at 1950-51. Moreover, plaintiff's motion to certify a class action will be denied. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654; see also 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that

defendant Crawford, the director of MDOC, or defendant Martinez, Functional Unit Manager at SECC, were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Crawford and Martinez.

Lastly, plaintiff's motion for injunctive relief/temporary restraining orders will be denied. Plaintiff's motion is nothing but a rehashing of each of his allegations in this lawsuit, (many of which the Court is dismissing herein), along with a sprinkling of new and different allegations not contained in his complaint.[2] As to the allegations that the Court is issuing process on, plaintiff has not shown that he will suffer irreparable harm if his motion for injunctive relief is not granted, nor has he made a case that he will have a likelihood of success on the merits as to these claims. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (To determine whether preliminary injunctive relief is warranted, the Court must balance

---

[2]Plaintiff seeks injunctive relief on: (1) having the mental health officials conduct private evaluations; (2) ensuring that mentally ill inmates are transferred to special needs units; (3) having medical staff regularly (at least twice per week) conduct sick calls and medical emergency calls; (4) changing the clothing requirements for prisoners in administrative segregation; (5) having maintenance fix all windows, sinks, toilets and mirrors and replace fire sprinklers; (6) "restaff, reassign, and intensively monitor administrative staff, investigative staff, classification staff, and correctional staff to stamp out the legendary code of silence..."; (7) inhibiting staff from "provoking prisoners into violative conduct for malicious, vindictive, and retaliatory reasons;" and (8) affording access to the internet.

threat of irreparable harm to movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest.). Furthermore, to the extent that his motion for injunctive relief deals with his allegations regarding his conditions of confinement in administrative segregation, injunctive relief cannot lie on these allegations as the Court is dismissing the assertions herein. To the extent that plaintiff's motion for injunctive relief covers matters outside his complaint, his motion is also subject to dismissal. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). In light of the aforementioned, plaintiff's motion for injunctive relief will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Jones, Steele, Dowdy, Walker, Mitchell, Reese, Vinson, and Cook.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Jones, Steele, Dowdy, Walker, Mitchell, Reese, Vinson, and Cook shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Crawford, Martinez and Lynn because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims: (1) against defendant Mitchell for the stealing of his tennis shoes; (2) regarding the conditions of his confinement in administrative segregation; (3) that his mail was tampered with; (4) that

he was denied internet access; and (5) that he and other inmates have made general complaints of misconduct and unlawfulness to staff members but the misconduct has not been corrected are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for service [Doc. #4 and #5] are **DENIED**. The Clerk of Court will effectuate service of process on defendants Jones, Steele, Dowdy, Walker, Mitchell, Reese, Vinson, and Cook pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for class certification [Doc. #6] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief/temporary restraining order [Doc. #9] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this  15th   day of March, 2010.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE