UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM IRVING, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV00161 SNLJ |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Plaintiff's September 2, 2010 Motion for Temporary Restraining Order and Preliminary Injunction (#47). The plaintiff's motion appears to be a partial repetition of his August 9, 2010 Motion Requesting Court Assistance (#45).

**I.    Plaintiff's Allegations**

The Court has discerned that the plaintiff presents two chief complaints in this motion:

First, plaintiff complains the he was "moved around defendant Cheryl Dowdy who is subjecting plaintiff to an unimpartial tribune and hampering his access to legal materials as a means of retaliation." (Doc. 47 at 2.) Further, plaintiff states that defendant Dowdy is "sitting over the plaintiff's due process proceedings and investigating complaints against herself, while she is being sued" by plaintiff. *Id.* Plaintiff indicates that he believes Dowdy should recuse herself from his "due process proceedings." Plaintiff's August 9, 2010 motion indicates that such "due process proceedings" are to be held on September 9, 2010, but he provides no further information about the proceedings in either motion. Plaintiff addresses an "Ag Seg Committee Hearing" in his affidavit filed in support of his motion. Plaintiff states he is in need of a transfer from S.E.C.C. "due to protective custody needs," and he states that Dowdy is "in charge of the

Ad Seq Committee hearings which decide if I am placed in for a transfer or not." Plaintiff apparently alleges that he believes Dowdy will prevent him from obtaining the transfer he seeks in retaliation for his claims against her.

Second, plaintiff's affidavit in support of plaintiff's motion indicates that defendant Dowdy is the Functional Unit Manager of Housing Unit #1 at the Southeast Correctional Center ("S.E.C.C."), in which plaintiff is housed, and that Dowdy is the supervisor for Clifton Cossey and Regina Jackson. Plaintiff seems to state that Dowdy and Cossey are responsible for retrieving materials responsive to plaintiff's law library request forms, subject to a requirement that such requests pertain to "a qualified legal claim." Plaintiff states that he submitted a library request form on August 12, 2010, but that Dowdy and Cossey "maliciously refus[e]" to verify that he has a qualified legal claim. Plaintiff further submits the affidavit of another inmate, Christopher Roberts, who states that he and other inmates are being denied access to courts. Roberts states that Cossey denied a law library request made by plaintiff and stated that if "the legal paper your [sic] requesting have to do with Ms. Dowdey [sic] because your [sic] shit out of luck if so."

## II. Discussion

The Court is unable to find any support for injunctive relief in plaintiff's motion. It appears that plaintiff's motion seeks injunctive relief for matters that are either not contained in his complaint or that have been dismissed. His motion is thus subject to dismissal. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

To the extent that any of the allegations in plaintiff's motion do relate to matters that were raised in the complaint and that were not dismissed, plaintiff has not made any showing that injunctive relief is warranted. To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to the movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). Plaintiff's motion and attached affidavits do not present any immediate threat of irreparable harm, nor has plaintiff made a case that he will have a likelihood of success on the merits as to these claims.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED without prejudice.

Dated this   3rd   day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE