UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM IRVING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV00161 SNLJ |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Plaintiff's August 9, 2010 Motion Requesting Court Assistance (#45). The plaintiff's filing is, in essence, a motion for injunctive relief against Defendant Cheryl Dowdy and others "acting under the color of state law with her." For the reasons stated below, plaintiff's motion is denied.

**I.      Plaintiff's Allegations**

The Court has discerned that the plaintiff complains of mistreatment by prison employees as follows:

(1) Plaintiff is being punished for no reason by being placed in the disciplinary wing of the housing unit rather than in the regular wing.

(2) Plaintiff has requested "court mandate" for deadlines in this case and an "I.R.R. Complaint Form" to no avail.

(3) Plaintiff has made several requests from the law library over the last two weeks and no law clerk has brought him materials to litigate this case.

(4) Prison staff is tampering with plaintiff's mail.

(5) Defendant Cheryl Dowdy is set to testify or otherwise appear at plaintiff's "Due Process Proceedings September 9, 2010," but plaintiff states that she should recuse herself.

**II.     Discussion**

Plaintiff's motion seeks injunctive relief for matters that are either not contained in his complaint or that have been dismissed. His motion is thus subject to dismissal. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). In light of the aforementioned, plaintiff's motion for injunctive relief will be denied without prejudice.

To the extent that any of the allegations do relate to matters that were raised in the complaint and that were not dismissed, plaintiff has not shown that he will suffer irreparable harm if his motion for injunctive relief is not granted, nor has he made a case that he will have a likelihood of success on the merits as to these claims. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (To determine whether preliminary injunctive relief is warranted, the Court must balance threat of irreparable harm to movant, the potential harm to nonmoving party should injunction issue, the likelihood of success on merits, and the public interest.).

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion for Court Assistance is DENIED without prejudice.

Dated this __3rd__ day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE