# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| WILLIAM IRVING, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 1:09CV00161 SNLJ |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by plaintiff in this Section 1983 litigation (#81, #82, and #85). Each motion will be discussed in turn below.

**I.    November 1, 2010 Motion Requesting Order Regarding Obtaining Affidavits (#81)**

Plaintiff states that he needs affidavits from two prisoners who, like himself, are housed at the Southeast Correctional Center ("SECC"), but because he is segregated from them he is unable to communicate with them in order to obtain affidavits. The two prisoners are Derrick Conrad (Prisoner Number 526501) and Greggory Hudson. The defendants filed a response on November 9, 2010 (#90) and then a "surresponse" on December 3, 2010 (#101). Their current position is that they have located a prisoner named Derrick Conrod at SECC, but that there is no offender at SECC named "Greggory Hudson." There are two offenders in the Missouri Department of Corrections system named "Gregory Hudson," but without further identifying information such as a prisoner identification number or other identifying characteristics, the defendants do not know which prisoner he needs to communicate with.

Defendants further assert that plaintiff is housed in administrative segregation for protective custody because he has eleven declared "enemies" at the SECC, and that allowing the

plaintiff to communicate with inmates as he requests would constitute a threat to the security of the prison. Defendants assert in their brief that plaintiff "has other avenues to obtain affidavits from offender witnesses housed at SECC." With respect to plaintiff's restrictions generally, the defendants refer the Court to an 18-page institutional policy attached to their response memorandum, but defendants do not cite to a particular page or section of the policy. The Court located a paragraph at page 8 that states "Offenders assigned to administrative segregation should not have personal contact nor communicate with offenders in the general population except as provided in IS8-1.3 Access to Offender Counsel Substitutes or as outlined in standard operating procedures." Defendants have not provided the Court with the relevant portions of either IS8-1.3 or the standard operating procedures, however, so it is unclear how plaintiff may make contact with offenders in the general population.

Plaintiff should be permitted to obtain affidavits from the two inmates. If the defendants know of "other avenues" through which plaintiff should obtain affidavits from other offenders, the defendants should make those avenues clear to plaintiff and to the Court. The Court will not go so far as to order the defendants to permit plaintiff to correspond with the other prisoners at this time, but the Court will instead offer the defendants an opportunity to explain the "other avenues" they suggest plaintiff use. Additionally, plaintiff should provide additional information sufficient to identify which "Greggory Hudson" he intends to communicate with for the purpose of obtaining an affidavit. Therefore, plaintiff's motion will be granted in part and denied in part, without prejudice.

II. **November 1, 2010 Motion Requesting "Compelment and Sanctions" (#82)**

Plaintiff asks the Court to order the defendants to produce several items plaintiff says he requested in discovery. Defendants have filed responses (#87, #88). Plaintiff has not complied with Federal Rule of Civil Procedure 37(a)(1), which requires that moving party certify that he

has in good faith conferred or attempted to confer with the other party in order to obtain the materials he seeks without court action. Plaintiff's reply memorandum (#93) likewise does not reflect that he has conferred or attempted to confer in good faith with defense counsel. Plaintiff's motion will therefore be denied.

### III.    November 1, 2010 Motion Requesting Stay (#85)

Plaintiff requests that the Court stay proceedings in this case until defendant Debbie Vinson has been served with process. The Court re-issued a summons to defendant Vinson on October 14, 2010, but Vinson the summons has not yet been returned. In the meantime, several other defendants have filed a motion for summary judgment. Defendants object to any stay in the litigation (#86, #89). The Court will deny plaintiff's request to stay the litigation. Her involvement is not necessary for the summary judgment proceedings to continue, and the Court will allow sufficient time for discovery against defendant Vinson, if necessary, after service is complete.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion Requesting Order Regarding Obtaining Affidavits, filed November 1, 2010 (#81) is GRANTED in part and DENIED in part, without prejudice.

**IT IS FURTHER ORDERED** that defendants Troy Steele, Cheryl Dowdy, Greg Walker, Charles Mitchell, and Gina Cook are ordered to submit a memorandum to the Court and to plaintiff, within 14 days from the date of the entry of this Order, explaining how plaintiff may obtain affidavits from prisoners Derrick Conrod and Gregory Hudson.

**IT IS FURTHER ORDERED** that plaintiff shall submit to the Court and to defendants, within 14 days from the date of entry of this Order, additional information sufficient to identify the "Greggory Hudson" (or "Gregory Hudson") he intends to communicate with in order to obtain an affidavit.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting "Compelment and Sanctions," filed November 1, 2010 (#82) is DENIED without prejudice.

**IT IS FINALLY ORDERED** that plaintiff's Motion Requesting Stay, filed November 1, 2010 (#85) is DENIED.
.

      Dated this   7th   day of December, 2010.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE