## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09CV00161 SNLJ |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM  AND ORDER

This matter is before the Court on several motions for injunctions sought by the plaintiff (#162, 166, 170, 176) and on plaintiff's motion requesting that his deposition be rescheduled (#173).

I.      **Motion for Injunction**

A.      **Plaintiff's Allegations**

Plaintiff seeks an injunction for the following reasons:

1.      The law librarian at Potosi Correctional Center ("PCC") has not filled plaintiff's special unit legal request which he submitted on September 1, 2011.

2.      Individuals at PCC are denying him his legal materials that are being kept in the property room since his transfer from Southeast Correctional Center ("SECC") to PCC.

3.      Plaintiff is being denied access to the law library.

4.      Plaintiff wants his shower shoes returned to him.

5.      Plaintiff is being denied recreation time.

6.      Corrections officers have been removing items from his certified religious diet bag in an effort to provoke plaintiff.

7.     Plaintiff is being denied medical treatment.

8.     Plaintiff's personal mail is being tampered with.

9.     Plaintiff is being harassed by correctional officers.

Plaintiff states that all of the above treatment has been performed in retaliation for his claims made against various Missouri Department of Corrections employees and that, specifically, Troy Steele — who was previously alleged to be the SECC superintendent but whom plaintiff claims is now superintendent for PCC — has been ordering that such retaliation take place.

Plaintiff wants the Court to hold a telephone conference, to stay proceedings as to defendant Deborah Vinson (the only remaining defendant in this case), to allow plaintiff extra time to file his notice of appeal, and to issue an order addressing the above grievances.

**B.     Discussion**

The Court is unable to find any support for injunctive relief in plaintiff's motion.  It appears that plaintiff's motion seeks injunctive relief for matters that are either not contained in his complaint or that have been dismissed.  The only matters remaining for adjudication in plaintiff's case are his claims against defendant Vinson for deliberate indifference to plaintiff's serious medical need following an attack by another inmate.  His motion is thus subject to dismissal.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").  For a discussion of the law relevant to many of plaintiff's current complaints, and to the extent plaintiff wishes to pursue his claims in a new litigation, the Court directs plaintiff to this Court's March 15, 2010 Order (#13).

2

In addition, the Court notes that plaintiff's complaints relative to his injunction motion(s) changed between the first filing (#162) on September 7, and the last on October 27 (#176). It appears that some of plaintiff's concerns related to his access to legal materials have been addressed, and that others can be explained by his confinement in administrative segregation. If the plaintiff requires additional time in which to respond to defendant Vinson's recently-filed Motion to Dismiss, plaintiff may seek such an extension.

## II.    Motion Regarding Deposition

Plaintiff states that on October 21, 2011, he was taken to a "legal visit" with defendant Vinson's attorney. Plaintiff says he was surprised to discover that the attorney intended to take his deposition. Plaintiff was unprepared for such a deposition because he had not been informed that it was to be held on that day. Plaintiff indicates that defendant Vinson's attorney sent a Notice of Deposition, but plaintiff says he did not receive it. Plaintiff does not indicate whether defendant Vinson's attorney attempted to proceed with the deposition in light of plaintiff's apparent objection.

Plaintiff states that he wrote to defendant Vinson's attorney and requested rescheduling, as he is now able to sit for his deposition. Defendant Vinson has not responded to plaintiff's motion, which was filed October 25, 2011. Plaintiff requests that the Court "have Debbie Vinson and her attorney ... reschedule a date to take plaintiff's deposition." The Court expects that defense counsel will reschedule plaintiff's deposition if necessary, but no Court intervention is required at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's various motions for injunctions (#162, 166, 170, 176) are DENIED.

3

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting Court Assistance with Rescheduling Deposition (#173) is DENIED.

Dated this ___3rd___ day of November, 2011.

_____

UNITED STATES DISTRICT JUDGE

4