UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV161 SNLJ |
| | ) | |
| DEBBIE VINSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to amend his complaint, #179, plaintiff's motion in limine regarding defendant Debbie Vinson's Rule 26 disclosures, #180, plaintiff's motion for expert witness in response to Ms. Vinson's Rule 26 disclosures, #181, plaintiff's motion for extension of time, #182, plaintiff's Request for U.S. Attorney Investigation, #193, defendant Vinson's motion to dismiss, #177, and defendant's motion to compel, #190. The background of this case has been set forth in the Court's prior orders. Plaintiff's claims against all prior defendants in this case have been dismissed, leaving Ms. Vinson as the sole remaining defendant to this point. Plaintiff's motion to amend now seeks leave to amend his complaint by interlineation to add a claim against two additional defendants, Melissa Crumley and Dr. Michael Hakala.

### I. Plaintiff's Motion to Amend His Complaint

The Court first turns to defendant's motion requesting leave to amend his complaint by interlineation, #179, with an accompanying proposed amendment to Paragraph VI(5) of his complaint. Plaintiff's proposed amendment is nearly identical to his original complaint, except for the sentence relating to his post-assault medical treatment in that it provides the last name of

the nurse who administered the anti-infection medication to him, adds the name of a physician who "directed" the nurse, and alleges that both the nurse and the doctor acted under the direction of defendant Vinson. *See* Plf's Proposed Amendment, #179, p. 2. Plaintiff's motion and proposed amendment, filed on November 1, 2011, were filed prior to the Court's December 6, 2011, deadline to file motions for joinder of additional parties or amendments of pleadings, as set forth by the Court's Case Management Order of October 7, 2011. Accordingly, plaintiff's proposed amendment, seeking to add the nurse and doctor as additional parties, and to alter one paragraph of his original complaint, was timely filed.

This Court disfavors amendments to pleadings by interlineation, but in the interest of judicial efficiency and due to the length of these proceedings in this case and the fact that plaintiff only wishes to amend one paragraph of his complaint, the Court will grant his timely request for leave to so amend. Therefore, the Court will substitute plaintiff's proposed Paragraph VI(5), submitted with his motion to amend, in place of Paragraph VI(5) of his original complaint. The Court will consider plaintiff's claims against defendant Vinson as stated in his complaint as amended, and the Court will review plaintiff's new claim, pursuant to 28 U.S.C. § 1915, against the additional defendants, Nurse Crumley and Dr. Hakala.

## II.  Review of Plaintiff's Amended Claims Against Defendants Crumley and Hakala Pursuant to 28 U.S.C. § 1915

Plaintiff's amendment to his complaint seeks to add Nurse Melissa Crumley and Dr. Michael Hakala as defendants with regard to his "claim as to medical treatment." Plf's Motion to Amend, #179, ¶¶ 1-2. Because of plaintiff's in forma pauperis status, the Court now reviews his amended pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). To determine whether an action fails to state a claim upon which relief can be granted, the Court identifies the allegations in the complaint that are not entitled to the assumption of truth and determines whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51 (2009) ("[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" are insufficient). The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

In his amended complaint, plaintiff states that he was attacked and injured by another inmate. Plf's Proposed Amended Compl., #179, ¶ 5. Following the attack, plaintiff alleges that he "was given a shot for prevention of infection but not pain by nurse Melissa M. Crumley directed by Dr. Michael Hakala both under the direction of director of nursing Debbie Vinson but not pain medications."[1] *Id.* Plaintiff then alleges that over a period of four months, he "has had severe migraine headaches; blurred vision; pain and soreness in the neck, shoulder and right leg

---

[1]This is the only allegation in plaintiff's complaint, as amended, relating to Nurse Crumley and Dr. Hakala. Thus, the Court here reviews plaintiff's claim against those two new defendants pursuant to 28 U.S.C. § 1915. Because plaintiff also mentions Ms. Vinson in another section of his complaint, and because Ms. Vinson has filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the Court will review plaintiff's claim against her separately hereafter.

-3-

areas." *Id.* The Court concludes from these statements that plaintiff is attempting to assert a claim of deliberate indifference to a serious medical need against defendants Crumley, Hakala, and Vinson.

In order to establish a constitutional violation based on inadequate health care, a plaintiff must show that the defendants were deliberately indifferent to a serious medical need. *Vaughn v.. Gray*, 557 F.3d 904, 908 (8th Cir.2009). Medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, a plaintiff must establish a "mental state akin to criminal recklessness." *Vaughn*, 557 F.3d at 908 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir.2006)). When a prison official does not implement a prisoner's requested course of treatment, no question of deliberate indifference is created. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir.1994). Medical care so inappropriate as to evince intentional maltreatment or a refusal to provide essential care may violate the Eighth Amendment, but a mere disagreement with the course of medical treatment prescribed does not constitute a deliberate indifference claim. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir.1991) (citations omitted).

In this case, plaintiff has not pleaded facts sufficient to assert a claim of deliberate indifference on the part of Nurse Crumley or Dr. Hakala. The only claim the Court can infer from plaintiff's allegation is that he desired pain medication, which was refused to him; but plaintiff does not allege that he requested that medication at the time he was given the anti-infection medication or at any time during the ensuing four months, and he fails to state from whom he requested it. Moreover, even if he did request pain medication from any of these defendants, plaintiff fails to allege how their refusal to provide it rose above the level of mere

medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence. *See Estelle*, 429 U.S. at 106. In addition, plaintiff fails to allege whether either Nurse Crumley or Dr. Hakala had knowledge of his pain, whether Nurse Crumley had any decision-making authority to provide pain medication, or whether Dr. Hakala was the relevant decision maker. Further, plaintiff fails to allege facts explaining how not providing pain medication to him was improper or how this constituted deliberate indifference to a serious medical need. Accordingly, those allegations lack the element of deliberate indifference required to state an Eighth Amendment claim. For these reasons, plaintiff's amended complaint fails to state claims against defendants Crumley and Hakala upon which relief can be granted, and this Court will dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. Defendant Vinson's Motion to Dismiss

The Court next turns to defendant Debbie Vinson's motion to dismiss plaintiff's claim against her. Plaintiff alleges that Ms. Vinson was the director of nursing at South Central Correctional Center in Licking, Missouri ("SECC"). Again, plaintiff only alleges that he "was given a shot for prevention of infection but not pain by nurse Melissa M. Crumley directed by Dr. Michael Hakala both under the direction of director of nursing Debbie Vinson but not pain medications." Plf's Proposed Amended Compl., #179, ¶ 5. The only other description of any claim against defendant Vinson in plaintiff's complaint is the following:

> Plaintiff and prisoners similarly situated at S.E.C.C. have made various complaints to various employees in relation to staff misconduct(s); violations of policies and procedures; constitutional rights; ethics; staff on prisoner misconduct(s); and staff circumventing with prisoner workers against other prisoners to Troy Steele; Gina Cook; Daniel Martinez; Debbi [*sic.*] Vinson; Cynthia Reese, and other supervisors and administrators at S.E.C.C. whomever promoted, endorsed, and taken means to cover-up misconducts (i.e. refusing to review videotape of incidents, ignoring prisoners evidence, and allowing staff refutations of alleged misconduct(s) to stand, etc.) enacting the legendary "code of silence" which has overridden policy, procedures, laws, and rights.

Plf's Compl. ¶ VI(12).  Although it is anything but clear, the Court concludes from these two

mentions of defendant Vinson that plaintiff is attempting to allege a claim against her for

deliberate indifference to a serious medical need with regard to Nurse Crumley's treatment of

him and the failure to provide him pain medication.

In her motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Ms. Vinson argues that

plaintiff's claim should be dismissed because a claim on the basis of respondeat superior is not

cognizable under 42 U.S.C. § 1983.  Defendant further argues that plaintiff failed to exhaust his

administrative remedies prior to bringing this action and that his claim should also be dismissed

pursuant Fed. R. Civ. P. 41(b) for violating the Court's Case Management Order because

plaintiff refused to be deposed.  Plaintiff has not responded to defendant's motion, despite being

granted a requested extension of time to do so.  *See* Plf's Motion Requesting Extension, #188,

filed December 28, 2011.

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the

legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their

legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial

and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting

*Neitzke*, 490 U.S. at 326-27).  To survive a motion to dismiss, "a civil rights complaint must

contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v.*

*Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).  "A

plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he

claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation

omitted).  "While a plaintiff need not set forth detailed factual allegations or specific facts that

describe the evidence to be presented, the complaint must include sufficient factual allegations to

provide the grounds on which the claim rests." *Id.* (quotations and citations omitted).  This Court, therefore, "is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint." *Id.* (quotations and citations omitted).

Plaintiff's only allegation against Ms. Vinson is that she acted as the director of nursing at SECC and supervised the nurse who administered his medication.  It is well settled that the doctrine of respondeat superior is insufficient to allow recovery in a § 1983 action." *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir. 1989) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007) ("A prison official . . . 'may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory.'").  Claims based on a supervisor's failure to supervise or otherwise control subordinates may only be maintained if the defendant "demonstrated deliberate indifference or tacit authorization of the offensive acts." *Bolin*, 875 F.2d at 1347 (quoting *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986)); *see also Andrew v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996).  An official exhibits deliberate indifference only if he or she actually knows of a substantial risk and fails to respond to it reasonably. *See Farmer v. Brennan*, 511, U.S. 825, 844-45 (1994).  The Constitution requires this state of mind before imposing liability because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Lenz*, 490 F.3d at 995.

Plaintiff has failed to state a claim upon which relief can be granted with regard to Ms. Vinson.  As is the case with Nurse Crumley and Dr. Hakala, plaintiff does not allege that he requested pain medication, that Ms. Vinson was aware of any such request or had authority to provide or refuse it, or how her refusal rose above the level of mere medical malpractice,

inadvertent failure to provide adequate medical care, or simple negligence. Plaintiff does not allege any personal involvement in his medical treatment by Ms. Vinson, and he has not alleged whether Ms. Vinson failed to properly supervise Nurse Crumley or actually knew of a substantial health risk to plaintiff and failed to reasonably respond. *See* Plf's Amended Compl. ¶ 5. In addition, plaintiff's amended complaint adds that Dr. Hakala was also supervising but says nothing about the doctor's role with regard to Ms. Vinson, *i.e.*, whether it was the doctor or Ms. Vinson, or both, who supervised the administration of plaintiff's medication, their relative responsibilities, and what, if any, knowledge either of them had. Thus, the amended complaint is completely bereft of any allegation that Ms. Vinson herself demonstrated deliberate indifference in any way or authorized any presumed decision not to provide him with pain medication.

Paragraph VI(12) of plaintiff's complaint, which contains the only other allegation against Ms. Vinson, fails to shed any light on plaintiff's claim against her, other than she was acting in a supervisory capacity, and it does not even mention plaintiff's medical care. In it, Ms. Vinson is named among other defendants with regard to a litany of alleged supervisory "misconduct(s)," which claims this Court has previously denied with regard to the other defendants. Thus, the Court finds that plaintiff's claim against defendant Debbie Vinson fails to include sufficient factual information to provide the grounds on which plaintiff's claim rests and to raise a right to relief above a speculative level. Therefore, plaintiff's claim against her will be dismissed.[2]

---

[2]Because the Court finds plaintiff's amended complaint as insufficient in stating a claim against Ms. Vinson, it need not consider the other arguments posed in her motion to dismiss.

## IV.  Plaintiff's Request for U.S. Attorney Investigation, Return of Legal Documents, and Extensions of Time

Plaintiff has also filed a pleading entitled, "Request for U.S. Attorney Investigation / Order to Return Legal Materials and Cease Retaliations Direct and 2nd & 3rd Party," #193, in which he describes an alleged threat and assault upon him by officials at the Potosi Correctional Center ("PCC").  In his request, plaintiff requests that the Court initiate an investigation by the United States Attorney into the "code of silence and nepotism ring operating [at PCC]" and its staffs' failure to return his legal documents in this case to him.  Plf's Request, #193, p. 3. Plaintiff also requests a further extension of time of unspecified length to respond to defendant Vinson's motion to dismiss.  *Id.* at 4.  Upon review of the Court's docket, it is evident that plaintiff's allegations within this pleading are the subject of another case filed by him in currently pending in this Court, *Irving v. Culton, et al.*, No. 4:12CV183 FRB (E.D. Mo. February 1, 2012). Because plaintiff's allegations are duplicative of his allegations in another pending action, the Court will deny plaintiff's request for United States Attorney investigation in this case.

With regard to plaintiff's request that the Court issue an order requiring the return of his legal documents, plaintiff merely states that he is "being denied [his] legal documents to this case," and that "an order needs to be given for return of my legal documents (all)."  Plf's Request, #193, p. 3.  Plaintiff's prior request for such an order was denied by this Court on November 3, 2011, #183, and his latest request does not provide new, useful information.  *See* Plf's Motion for Injunction, #162, filed September 7, 2011.  Plaintiff also fails to describe what was allegedly withheld from him and how that has prejudiced him or why he cannot obtain a replacement copy.  As stated in the Court's prior Order, it appears that some of plaintiff's concerns related to his access to legal materials had previously been addressed and that other concerns could be explained by his confinement in administrative segregation.  *See, e.g.*, Plf's

-9-

Supplement, #170, p. 11 (letter from Missouri Attorney General's Office regarding access to legal materials). Thus, the Court is unable to determine what assistance, if any, plaintiff needs or to which he is entitled. Moreover, plaintiff states that he was transferred to PCC on September 1, 2011, and despite the alleged withholding of his legal documents since that time, the record reflects that he has filed approximately thirteen other pleadings since that date in this case alone. Therefore, plaintiff has demonstrated his ability to continue litigating since his transfer to PCC, and the Court will deny plaintiff's request regarding his legal documents without prejudice.

Plaintiff, in his request for U.S. Attorney investigation, also seeks an additional extension of time of unspecified length to respond to defendant Vinson's motion to dismiss. On December 29, 2011, just two weeks prior to his January 12, 2012, request, the Court had granted plaintiff a thirty-day extension to respond to defendant's motion. *See* Plf's Motion for Extension, #188. Because plaintiff had already been granted a thirty-day extension, which was still in effect at the time of his second extension request, and because he has clearly demonstrated his ability to file multiple legal memoranda since his transfer to PCC, his second request for an extension will be denied.

Finally, plaintiff requests, in his motion for extension of time with regard to the Court's Case Management Order, #182, an extension until March 6, 2012, to file motions for joinder of additional parties or amendments of pleadings as well as an extension until December 7, 2011, to make initial disclosures under the Court's Case Management Order of October 7, 2011. The record reflects that plaintiff has not filed a corresponding motion to join parties of amend his pleadings past the deadline set by the Court's Order and prior to March 6, 2012. Therefore, his request for an extension to do so will be denied as moot.[3] In addition, because the Court now

---

[3]Plaintiff's motion to amend his complaint, #179, which is being granted herein, was filed within the deadline established by the Court's Case Management Order.

-10-

grants defendant Vinson's motion to dismiss, plaintiff's motion for an extension of time to provide his initial disclosures to her will likewise be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint, #179, is **GRANTED**, and Paragraph VI(5) of plaintiff's complaint is amended by interlineation.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, plaintiff's claims against Melissa Crumley and Dr. Michael Hakala are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for U.S. Attorney investigation, for return of his legal documents, and for a second extension of time to respond to defendant Vinson's motion to dismiss, #193, is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that defendant Debbie Vinson's motion to dismiss, #177, is **GRANTED**, and plaintiff's claim against her is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that defendant Debbie Vinson's motion to compel, #190, and plaintiff's motion in limine, #180, motion for expert witness, #181, and motion for extension of time, #182, are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  3rd  day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

-11-